UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:00CV-723-R

KNOLOGY, INC.                                                                    PLAINTIFF

v.

INSIGHT COMMUNICATIONS COMPANY, L.P.,
INSIGHT KENTUCKY PARTNERS II, L.P., and
CITY OF LOUISVILLE, KENTUCKY                                  DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on the parties' Motions to Dismiss (Dkt. Nos. 374 & 380).

Responses and replies have been filed (Dkt. Nos. 376, 377, 381, & 387).  The parties agree that

this action should be dismissed with prejudice.  The only question remains is whether Insight is

entitled to costs.  Insight has not made a motion for attorney's fees but has announced that it

intends to do so at a later date.

## DISCUSSION

In an order dated August 11, 2003, this court certified its interlocutory order for appeal

stating that "[t]he *Noerr-Pennington* immunity issue in particular is one that is very difficult and

upon which there could undoubtedly be "substantial ground for difference of opinion." (Dkt. # 349).

Insight appealed the interlocutory order and on December 29, 2004, the Sixth Circuit Court of

Appeals issued a decision. *Knology, Inc. v. Insight Communications Co.*, 393 F.3d 656 (6th Cir.

2004).  The Sixth Circuit Court of Appeals reversed this court's decision "denying Insight *Noerr-*

*Pennington* immunity and granting Knology summary judgment on its First Amendment § 1983

claim." *Id*. at 659.  The Court of Appeals also held that "*Noerr-Pennington* bars all of Knology's

1

claims for damages against Insight arising our of the stay, foreclosing relief on the other issues raised on appeal." *Id.* This court determined that Insight's state court suit was legitimate petitioning, protected by the First Amendment and therefore entitled to *Noerr-Pennington* immunity. *Id.* In contrast, the Court of Appeals held that the state court suit and the suspension of the franchise provision were one action, and *Noerr-Pennington* immunity applied to both. *Id.*

Insight argues that this court should enter an order consistent with the Sixth Circuit Court of Appeals opinion and dismiss this case with prejudice and award it costs. Conversely, Knology argues that it would like this case voluntarily dismissed under Federal Rule of Civil Procedure 41(a)(2) with prejudice but with each party bearing its own costs. Under Federal Rule of Civil Procedure 41(a)(2), this court may dismiss the action on Knology's motion "upon such terms and conditions as the court deems proper." The presumption is that a case dismissed under this rule is without prejudice but this court may order the action dismissed with prejudice. Fed. R. Civ. Pro. 41(a)(2). The decision to grant a motion to dismiss under Federal Rule of Civil Procedure 41(a)(2) is at this court's discretion. *DWG Corp. v. Granada Investments, Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992). Further, while courts frequently award defense costs, it is not required for a voluntary dismissal. *Id.*

Insight argues that it should receive costs as a condition of dismissal. Under Fed. R. Civ. Pro. 54(d), the prevailing party shall be allowed to receive costs "unless the court otherwise directs." While there is a presumption in favor of awarding costs, the denial of costs is at the discretion of the trial court. *McDonald v. Petree*, 409 F.3d 724, 732 (6th Cir. 2005). This court must ignore "the size of a successful litigant's recovery and the ability of the prevailing party to pay his or her costs." *Id.* This court, however, may consider "the good faith a losing party demonstrates in filing, prosecuting,

or defending an action," "propriety with which the losing party conducts the litigation," and whether the case was "close and difficult" although the court does not abuse its discretion by awarding costs in a "close and difficult" case. *Id.*

Knology argues that it prevailed on the relief from the automatic stay and Count VII of the complaint, and that it should be entitled to argue the sham exception to *Noerr-Pennington*. The Sixth Circuit Court of Appeals based its decision on this court's holding that the petitioning was legitimate. Therefore, Knology is barred from raising the sham exception now because this court has in essence held that the petitioning was not a sham. While Insight argues now that it did not have the power to stay Knology only Louisville did, Insight vigorously argued for years that the stay was proper even when Louisville agreed to release Knology from the stay.

Count VII of the complaint alleged that Knology's franchise was no more favorable than Insight's claim. In this court's order on June 2, 2003, Count VII was stayed pending the state court resolution. Because Knology has withdrawn from the Louisville cable market, Insight argues that this issue is now moot. However, the final ruling from the state court held that Knology's franchise was no more favorable than Insight's. The intent of this court in granting the stay was to defer to the state court's ruling. In essence, Knology prevailed on this claim. Additionally, this court struck down provisions of Insight's franchise because federal law preempts those provisions. See Dkt. # 377.

Knology prevailed on its claim for declaratory judgment on the validity of the automatic stay. The court agrees that this was a very important issue. Knology has prevailed on some of its claims in this case and even if the claims were against Louisville, Insight vigorously opposed this court's rulings in favor of Knology. While some of this court's rulings were in favor of Knology and against

Louisville, technically speaking, these rulings affected Insight's interests and Insight objected to them driving up the costs of this litigation.  It was Insight who fought that battle and lost.  In fact the City agreed with Knology on the automatic stay issue.

In allowing Insight to take an interlocutory appeal, this court ruled that this was a close and difficult case.  The court also finds that Knology has conducted this litigation in a proper, good faith manner.  Insight's arguments that Knology never had an intent to enter the market are merely conclusion they have made.  The record does not clearly support those conclusions, nor does logic.  This was a hard fought litigation between two cable companies.  Knology prevailed on the declaratory judgment action and on the issue of whether there was a level-playing field.  In the end, Insight prevailed on the *Noerr-Pennington* issue.  The findings in this order support this court's ultimate decision that the parties should bear their own costs.

**IT IS HEREBY ORDERED:**

Knology's Motion to Dismiss (Dkt. # 380) is **GRANTED.**  This case is voluntarily dismissed with prejudice and with each party bearing its own costs.

Insight's Motion to Dismiss (Dkt. # 374) is **DENIED as moot because of the court's ruling on Dkt. # 380.**